UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Alfred William LaSure, | ) | Civil Action No.: 9:18-cv-02399-RBH |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| State of South Carolina and Aimee J. Zmroczek, *Attorney*, | ) | |
| Respondents. | ) | |

Petitioner Alfred William LaSure, a state civilly committed person proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF Nos. 1 & 1-1. The matter is before the Court for review of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Bristow Marchant, who recommends summarily dismissing Petitioner's § 2241 petition without prejudice.[1] *See* ECF Nos. 11 & 14.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**[2]

Petitioner is civilly committed to the South Carolina Department of Mental Health pursuant to the South Carolina Sexually Violent Predator Act ("the Act").[3] He has filed the instant § 2241 petition alleging his court-appointed attorney, Aimee J. Zmroczek, has failed to have him brought before the state circuit court for his statutorily-mandated annual review hearing. *See* ECF Nos. 1 & 1-2; *see generally* S.C. Code Ann. § 44–48–110 ("A person committed pursuant to [the Act] must have an examination of his mental condition performed once every year."); *In re Care & Treatment of Corley*, 616 S.E.2d 441, 442 (S.C. Ct. App. 2005) (summarizing the annual review hearing procedure). The Magistrate Judge recommends summarily dismissing Petitioner's § 2241 petition because it is clear on the face of the petition that he has not exhausted his state-court remedies. *See* R & R at pp. 4–5.[4]

Although Petitioner has filed objections to the R & R, he does not appear to specifically object to the Magistrate Judge's conclusion that he has not exhausted his state-court remedies. Instead, he

---

[2] The R & R thoroughly summarizes the relevant procedural and factual background.

[3] S.C. Code Ann. §§ 44–48–10 through –170.

[4] The Magistrate Judge further recommends dismissing Petitioner's claim for monetary damages and his claim against attorney Zmroczek. *See* R & R at pp. 5–6. Petitioner does not specifically object to these recommendations.

2

expands upon the arguments made in his § 2241 filings regarding his psychiatric diagnosis and treatment, and he includes copies of several filings from his state-court proceedings in Edgefield County. *See* ECF Nos. 14 & 14-1. *See generally Diamond & Camby*, *supra* (indicating a court need only review the record for clear error in the absence of a specific objection). Regardless, the Court has conducted a de novo review and agrees with the Magistrate Judge that Petitioner's § 2241 petition is subject to summary dismissal because he has not exhausted his state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *Timms v. Johns*, 627 F.3d 525, 530–33 (4th Cir. 2010) (same); *see, e.g.*, *Hamm v. State*, No. 9:16-cv-02922-RMG, 2017 WL 176294, at *2 (D.S.C. Jan. 17, 2017) (summarily dismissing a habeas action because the petitioner had not exhausted his state-court remedies under the Act).

Moreover, to the extent Petitioner seeks to have this federal Court review the merits of his claims, the Court declines to do so pursuant to the *Younger*[5] abstention doctrine because "(1) there is an ongoing state judicial proceeding that began prior to substantial progress in the federal proceeding, (2) that proceeding implicates important, substantial, or vital state interests, and (3) there is an adequate opportunity to raise constitutional challenges within the framework of the state judicial process." *Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (summarizing the criteria for *Younger* abstention); *see, e.g.*, *Hamm*, 2017 WL 176294, at *3 (abstaining in similar context). Petitioner also has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See id.* at 286 ("A federal court may disregard *Younger*'s mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."). Petitioner's pleadings as well as publicly available records show

---

[5] *Younger v. Harris*, 401 U.S. 37 (1971).

3

his proceedings remain pending in the state circuit court; he may pursue his constitutional claims there.[6]

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Conclusion

For the above reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R & R [ECF No. 11], and **DISMISSES** Petitioner's § 2241 petition *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). **IT IS SO ORDERED.**

Florence, South Carolina  
April 16, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[6] Also, the Court notes that to the extent Petitioner is dissatisfied with his attorney, the South Carolina Supreme Court recently held that a person committed under the Act may file a state habeas action based on his attorney's alleged ineffectiveness. *See Matter of Chapman*, 796 S.E.2d 843, 850 (S.C. 2017) ("Under the current framework of the Act, we hold the appropriate forum to assert the right to effective assistance of counsel is the long-recognized safeguard of due process: habeas relief.").